**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>               Plaintiff,<br><br>v.<br><br>Kurt Allen Hankes,<br><br>               Defendant. | No. CR-11-03749-TUC-CKJ<br><br>**ORDER** |

On January 10, 2013, Magistrate Judge Leslie A. Bowman issued a Report and Recommendation (Doc. 83), in which she recommended granting Defendant's Motion to Suppress Evidence (Doc. 46) and Supplement to Motion to Suppress Evidence. (Doc. 57). The government filed an objection to the Report and Recommendation on January 22, 2013. (Doc. 84). Defendant filed a response on February 1, 2013. (Doc. 90). Defendant filed a Second Supplemental Brief in Support of Motions to Suppress Evidence for Violations of the Fourth Amendment on March 19, 2013. (Doc. 97). On April 26, 2013, the Court heard oral arguments addressing the recent Ninth Circuit Court of Appeals' opinion in *United States v. King*, --F.3d.-- 2013 WL 886161 (9th Cir. 2013).

## I.    STANDARD OF REVIEW

The Court reviews *de novo* the objected-to portions of the Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The Court reviews for clear error the un-objected to portions of the Report and Recommendation. *Johnson v. Zema Systems Corp.,* 170 F.3d 734, 739 (7th Cir. 1999); *See also Conley v. Crabtree,* 14

F.Supp.2d 1203, 1204 (D.Or.1998).

## II.   ANALYSIS

The Fourth Amendment requires that searches be conducted pursuant to a warrant, subject to certain exceptions. *Griffin v. Wisconsin*, 483 U.S. 868, 873, 107 S.Ct. 3164, 3168 (1987).[1]  However, the "ultimate touchstone of the Fourth Amendment is reasonableness." *Kentucky v. King*, 131 S.Ct. 1849, 1856, 179 L.Ed.2d 865 (2011)(internal quotations omitted).

While probationers do not enjoy the same degree of liberty entitled to the ordinary citizen, "[a] probationer's home, like anyone else's is protected by the Fourth Amendment's requirement that searches be 'reasonable.'" *Griffin,* 483 U.S. at 873. Some warrantless searches of probationer's residences constitute a "special need" that justifies departure from the warrant and probable cause requirement. *Id*.  The legality of a "special needs" search depends on the reasonableness, under all the circumstances, of the search.  *See O'Connor v. Ortega,* 480 U.S. 709, 725-726 107 S.Ct. 1492, 1502 (1987); *New Jersey v. T.L.O.,* 469 U.S. 325, 341-342, 105 S.Ct. 733, 742-743 (1985).

A State's probation system creates a "special need" for the exercise of supervision to assure that the probation restrictions are being observed. *Griffin*, 483 U.S. at 875. This special need justifies departures from the warrant and probable cause requirements. *Id.* at 874-875.  *Griffin* held that the reasonableness of a probation search can be established by statute. However, several other circuits "have held that reasonableness can also be established by narrowly tailored restrictions included within a probation agreement." *United States v. Wryn*, 952 F.2d 1122, 1124 (9th Cir. 1991) *citing United States v. Giannetta*, 909 F.2d 571, 575 (1st Cir. 1990); *United States v. Schoenrock*, 868 F.2d 289, 292-293 (8th Cir. 1989). The Ninth Circuit Court of Appeals has stated that if a

---

[1] In *Griffin*, the Supreme Court upheld a warrantless probation search based upon an anonymous tip that the probationer "had or might have" guns. *Griffin*, 483 U.S. at 880.  The Court found that the search in *Griffin* was reasonable pursuant to the Fourth Amendment even though based upon the non-definitive anonymous tip.  *Id*.  The Supreme Court found that in "cases involving drugs or illegal weapons, the probation agency must be able to act based upon a lesser degree of certainty than the Fourth Amendment would otherwise require." *Id.* at 879.

- 2 -

probation agreement authorizes a warrantless search of a probationer's home, then a subsequent probation search of the probationer's home is reasonable.[2]  *United States v. Wryn,* 952 F.2d 1122, 1124 (9th Cir. 1991).

While the search at issue in the case at bar may be permissible pursuant to the "special needs" exception to the warrant requirement, recent Supreme Court and Ninth Circuit case law addressing probation searches have generally utilized the totality of the circumstances test.  *See Samson v. California,* 547 U.S. 843, 848, 128 S.Ct. 2193, 2197 (2006); *United States v. Knights*, 534 U.S. 112, 120, 122 S.Ct. 587 (2001); *United States v. King*, --F.3d.--, 2013 WL 886161 (9th Cir. 2013).

The totality of the circumstances balancing test is distinct from the analysis of a search pursuant to the "special needs" framework.  *See United States v. Kincade*, 379 F.3d 813, 827 (9th Cir. 2004).  The totality of the circumstances test is generally used to determine whether a search is reasonable within the meaning of the Fourth Amendment. *Samson v. California,* 547 U.S. 843, 848, 128 S.Ct. 2193, 2197 (2006).

In *Knights*, the Supreme Court applied the totality of the circumstances test and held that warrantless searches of probationers require "no more than reasonable suspicion." *United States v. Knights*, 534 U.S. 112, 120, 122 S.Ct. 587 (2001).  Relying on *Knights*, the Magistrate Judge found that a warrantless search satisfies the Fourth Amendment, if there is reasonable suspicion and a probation condition that authorizes the warrantless search.  However, the Supreme Court in *Knights* did not state the lower bounds of its holding.  *See United States v. Payne*, 181 F.3d 781, 786 (6th Cir. 1999). Thus, while a warrantless probation search requires nothing more than reasonable suspicion, the Court stopped short of requiring at a minimum, a showing of reasonable suspicion.[3]  *See Knights*, 534 U.S. at 120. Moreover, since the search in *Knights*[4] was

---

[2] In *Wryn*, the warrantless search of the probationer's home was found to be unreasonable.  The probation agreement in *Wryn* specifically required court approval for a probation officer's warrantless search of a probationer's residence.  In the case at bar, the probation agreement only provides that the probationer is subject to warrantless searches by Arizona probation officers.

[3] The Court further notes that at the time the Magistrate Judge issued her Report

- 3 -

predicated on both the probation search condition and reasonable suspicion, the Court did not address whether the search would have been reasonable if it was solely predicated on the condition of probation. *Samson*, 547 U.S. at 849-850.

At the suppression hearing, Probation Officer Esquivel testified before the Magistrate Judge that if she suspects suspicious activity, she has the right to conduct a warrantless search of the probationer's residence unannounced. (Doc. 81 at p. 9). If a probation officer receives information that might warrant a search, that officer first consults with the search team coordinator and a supervisor to get approval for the search. (Doc. 81 at p. 10). The probation office has a policy to respond any time there is any allegation involving weapons or drugs, even from an anonymous source. (Doc. 81 at p. 38-39). The probation office in this case was "duty bound" to conduct a search for potential drugs or weapons, due to the potential risk to the probationer and/or the community. (Doc. 81 at p. 49).

Prior to conducting the search of Defendant's residence, Officer Esquivel received information from the Defendant's former girlfriend, Gayle Grant, that Defendant had weapons at his residence. (Doc. 81 at p. 13). Officer Esquivel also received calls from FBI and ATF agents, both of whom indicated that Ms. Grant had provided them with information regarding weapons at the Defendant's residence. (Doc. 81 at p. 14). After receiving this information, Officer Esquivel reviewed this information with her supervisor and search team coordinators to get approval to conduct the search. (Doc. 81 at p. 10). Shortly before the search was conducted, Officer Esquivel was informed that Ms. Grant had "recanted" her story and now stated that she no longer believed Defendant had the weapons at his home, but he still may have a handgun in his bedroom.[5] (Doc. 81

---

and Recommendation, she did not have the benefit of reviewing the recent Ninth Circuit Court of Appeals opinion in *United States v. King*, which this Court found significant to its analysis of the probation search at issue in the case at bar.

[4] In *Knights,* a police officer searched a probationer's home in furtherance of an investigatory search. The Supreme Court held the warrantless search by the police officer was legal because the officer had reasonable suspicion of criminal activity. *Id.*

[5] While the Magistrate Judge relied in part on Ms. Grant's retraction of her statement in finding the search unreasonable, the record provides that while Ms. Grant

- 4 -

at p. 119-120).  Officer Esquivel explained that she questioned the credibility of Ms. Grant and did not expect to find any weapons at the probationer's residence, however, since she did receive information regarding the Defendant's potential possession of weapons, she was "duty bound" to conduct the search.  (Doc. 81 at p. 14-17, 49).  The search was then conducted during the day and the Defendant was given advance notice of the search.  (Doc. 81 at p. 19).  Based upon these circumstances, the Court finds that this search was not conducted for illegitimate reasons or harassment.  *See United States v. King*, --F.3d.--, 2013 WL 886161 at *4 (9th Cir. 2013)

To determine whether a search is reasonable under the totality of the circumstances test, the court must assess "the degree to which it intrudes upon an individual's privacy and the degree to which it is needed for the promotion of legitimate governmental interests." *Samson*, 547 U.S. at 848.

"Probation searches are necessary to the promotion of legitimate governmental interests." *Samson,* 547 U.S. at 849.  The government has several legitimate interests for searching a probationer's residence. *See Knights*, 534 U.S. at 120-122.  First the state has an interest in protecting potential victims from a probationer's recidivism; second, the state has an interest in preventing the destruction of evidence and discovering criminal activity; and third, the state has an interest in the probationer's successful completion of his probation and re-integration into the community.  *United States v. King*, --F.3d.--, 2013 WL 886161 (9th Cir. 2013) *citing Knights*, 534 U.S. at 120-122.

Defendant's status as a probationer means he begins with a lower expectation of privacy than an ordinary citizen. *King*, --F.3d.--, 2013 WL 886161 at *2 (9th Cir. 2013) *citing Knights*, 534 U.S. at 119.  Additionally, at the time Defendant was sentenced, he was provided with and signed a "conditions of probation" form.  This form included a provision notifying Defendant that he must submit to warrantless searches by the Probation Department. (Doc. 81, pp. 13, 49).  Defendant's supervising probation officer, Martha Esquivel, reviewed this form with the Defendant when she met with him after he

---

retracted her definitive statement that the Defendant had weapons in his residence, she maintained that he may still have a handgun in his room by his bed. (Doc. 81, p. 120-121).

was sentenced to probation. (Doc. 81, p. 12).   The Supreme Court has found that acceptance of a search condition is salient and significantly diminishes the probationer's reasonable expectation of privacy. *See Samson,* 547 U.S. at 848-849 citing *Knights*, 534 U.S. at 119-120.

The Ninth Circuit Court of Appeals recently addressed the constitutionality of a suspicionless search[6] conducted on a probationer's residence, where the probationer had accepted a suspicionless search condition as part of his probation agreement. *United States v. King*, --F.3d.--, 2013 WL 886161 (9th Cir. 2013).  Relying on California law's interpretation of the California probation search condition, the Ninth Circuit Court of Appeals held that the search condition in *King* subjected the probationer to suspicionless searches. *Id*. at *1, n.3.    Applying the totality of the circumstances test, the Ninth Circuit Court of Appeals held that a suspicionless search conducted pursuant to a suspicionless search condition of a probationer's probation agreement does not violate the Fourth Amendment. *Id*. at *4.

The search condition at issue provided that the probationer would submit to a search and seizure of his person or property by the probation department without a search warrant.  (Doc. 81, p. 13).  The Court finds that the language used in the Arizona probation search condition at issue is clear and unambiguous.  The search condition in *King* provided that "[d]efendant is subjected to a warrantless search condition as to [his] person, property, premises and vehicle, any time of the day or night, with or without probable cause, by any peace, parole or probation officer." *King* 2013 WL 886161 at *5. The Court finds that the language regarding the standard necessary to conduct the searches in the California and Arizona probation search conditions are substantially similar.[7]  In both the California and Arizona probation search conditions, the language

---

[6] In *King*, the Ninth Circuit Court of Appeals explained that the term suspicionless search refers to a search for which a party has less than reasonable suspicion and includes searches based upon some suspicion and searches conducted randomly with no individualized suspicion. *King* 2013 WL 886161 at *1, n.1.

[7] The Court acknowledges that the California probation search condition permits searches any time day or night by any probation, police or peace officer, while the

- 6 -

clearly and unambiguously conveys to the probationer that his property may be searched with less than probable cause.[8]

In *King*, the Court of Appeals acknowledged that it interpreted the probation search condition as condoning suspicionless searches, based upon the California state court's interpretation of the probation search condition. *Id.* at *1, n.3. As such, despite the similarities between the two probation search conditions, this Court must utilize the interpretation of the Arizona probation search condition based upon Arizona law to determine if it permits suspicionless searches.

Defendant contends that Arizona courts require a showing of reasonable suspicion for any warrantless probation search. However, Arizona state courts have not fully interpreted the probation search condition at issue in the case at bar. *See State v. Walker*, 215 Ariz. 91, 95 158 P.3d 220 (App. 2007)(declining to decide whether probation search condition permits suspicionless searches because the search conducted in that case was supported by reasonable suspicion). Additional unpublished cases following *Walker* have similarly refrained from interpreting the probation search condition. *See e.g. State v. Broman*, 2012 WL 952829 (App. 2012)(court held a probation search is constitutional if the search was reasonable, however, the court did not interpret the probation search condition and whether it would permit suspicionless searches); *State v. Bentley*, 2010 WL 2638504 (App. 2010).

Since the probation search conditions in Arizona and California are substantially similar in language relating to the standard necessary to conduct the search; and Arizona state courts have yet to interpret their probation search condition, this Court finds it appropriate to apply California's interpretation. *See State of Arizona v. Vallejos*, 89 Ariz. 76, 82, 358 P.2d. 178, 182 (Ariz. 1960)(holding that in the absence of a case in Arizona

---

Arizona probation search condition only permits searches by the probation department and does not address the time of day the search may be conducted. However, these differences do not address the standard necessary to conduct the search.

[8] While the Arizona search condition uses the phrase "with or without a search warrant," since probable cause is the standard necessary to acquire a search warrant, the standard conveyed in both the California and Arizona search conditions are substantially similar.

- 7 -

construing a section of law, the courts will follow the California cases as long as the reasoning is sound); *see also Moore v. Browning*, 203 Ariz. 102, 109, 50 P.3d. 852, 859 (App. 2002).

As noted by the Ninth Circuit Court of Appeals, California has interpreted the probation search condition as tantamount to an agreement to be subjected to suspicionless searches. *King* 2013 WL 886161 at *1, n.3. Accordingly, applying California state court's interpretation of a similarly phrased probation search condition, this Court finds that the probation search condition at issue in the case at bar permits suspicionless searches.

### III. CONCLUSION

Applying the totality of the circumstances, the Court finds that the Defendant's expectation of privacy was diminished due to his status as a probationer. His low expectation of privacy was further diminished by his acceptance of a clear and unambiguous suspicionless search condition as part of his conditions of probation.

The probation department had received information that the Defendant may have weapons in his residence. The search was conducted during the day and the Defendant was given advanced notice of the search. As such, after a review of the totality of the circumstances, the Court finds that the probation search in this case was reasonable.

Accordingly, IT IS ORDERED:

1. The government's Objection to the Report and Recommendation (Doc. 84) is sustained.

2. The Report and Recommendation is rejected.

3. The Motion to Suppress is DENIED.

Dated this 3rd day of May, 2013.

_Cindy K. Jorgenson_
Cindy K. Jorgenson
United States District Judge